**Costco Wholesale Corporation** and
**Golden Design, Inc.** d/b/a Dynamic Saunas
  *Petitioners*

**v.**

                  C.A. 3:26cv276

**Dorin Marin Pasca** and
**State Farm Fire and Casualty Company**
  *Respondents*

## NOTICE OF REMOVAL

Respondent State Farm Fire and Casualty Company hereby removes to this Court the lawsuit *Costco Wholesale Corporation and Golden Design, Inc. d/b/a Dynamic Saunas v. Dorin Marin Pasca and State Farm Fire and Casualty Company*, No. _____ in the Chancery Court for Sevier County, Tennessee.

### Parties

1. Petitioner Costco Wholesale Corporation is a Washington corporation with its principal place of business in Washington state. This plaintiff has appeared in the underlying state court action.

2. Petitioner Golden Design, Inc. d/b/a Dynamic Saunas ("Golden") is a California corporation with its principal place of business in Los Angeles, California. This plaintiff has appeared in the pending state court action.

3. Respondent Dorin Pasca is believed to be a Washington citizen, residing in Redmond, Washington. Pasca has nothing at issue—no case or controversy—in the underlying state court action and thus has been fraudulently joined to defeat federal court jurisdiction. (Fraudulent joinder of non-diverse defendants will not defeat removal on diversity grounds.[1])

---

[1]  *Coyne ex rel. Ohio v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999).

4.  Respondent State Farm Fire and Casualty Company ("State Farm") is an Illinois corporation with a principal place of business in Illinois.

**Jurisdiction and Venue**

5.  This Court has subject matter jurisdiction over this claim because the true and proper parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.[2] ("In actions seeking declaratory or injunctive relief, the amount in controversy is measured by the value of the object of the litigation.[3])

6.  This Court may exercise personal jurisdiction over the Petitioners because they have conceded personal jurisdiction by filing their petition for restraining order in Tennessee.

7.  Venue is proper in this district because a substantial part of the events or omissions giving rise to the claim occurred and because the property that is the subject of the action is in Sevierville, Sevier County, Tennessee.[4]

**Grounds for Removal**

8.  Petitioners filed the underlying lawsuit on June 15, 2026 without issuing a summons or formally serving State Farm with process.[5] State Farm has removed this matter to this Court "within thirty days after first receipt by the Defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."[6] Thus, this removal is timely.

9.  Because this case was pending in the Sevier County, Tennessee Chancery Court, it may be

---

[2]  *See* 28 U.S.C. § 1332(a) and Plaintiffs' Petition at 3, ¶8 (fire damage at more than $1.8 million).

[3]  *Cleveland Hous. Renewal Project v. Deutsche Bank Tr. Co.*, 621 F.3d 554, 559 (6th Cir. 2010).

[4]  *See* 28 U.S.C. § 1391(b)(2).

[5]  See the correspondence in collective Exhibit 1.

[6]  See 28 U.S.C. § 1446(b).

removed to the Knoxville Division of the United States District Court for the Eastern District of Tennessee.[7]

10. As called for by 28 U.S.C. § 1446(d), State Farm will promptly serve the Chancery Court for Sevier County, Tennessee with a true and complete copy of this Notice of Removal.

11. As called for by 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders received by State Farm are attached hereto as Exhibit 2.

12. Pasca's consent to this removal is unnecessary because he has been fraudulently joined.

13. Petitioners' state court Petition does not contain a jury demand.

14. State Farm files this Notice of Removal without waiving any defense to Petitioners' claims or conceding that they have pled claims upon which relief can be granted. To the contrary, State Farm specifically reserves the right to assert, if applicable, any and all defenses enumerated under Rule 12 of the Federal Rules of Civil Procedure or any other affirmative defenses, including those enumerated under Rule 8(c) of the Federal Rules of Civil Procedure, upon the filing of its responsive pleadings within the time allowed under the Federal Rules of Civil Procedure.

**Relief Requested**

15. WHEREFORE, State Farm gives notice that the above action, now pending against it in the Chancery Court of Sevier County, Tennessee, is removed to the United States District Court for the Eastern District of Tennessee, Knoxville Division, through 28 U.S.C. §§ 1332, 1441, and 1446.

---

[7] See 28 U.S.C. § 1441(a).

June 15, 2026

Knoxville, Tennessee

Respectfully submitted,

Quist, Fitzpatrick & Jarrard PLLC

By: /s/ *Michael A. Durr*

Michael A. Durr (BPR 26746)
800 South Gay Street, Suite 2121
Knoxville, Tennessee 37929
Direct: (865) 312-0440
Email: mdurr@qfjlaw.com
*Attorney for Respondent State Farm*

**Certificate of Service**

On Monday, June 15, 2026 I served this document by electronic mail to the following email addresses:

- Counsel for Plaintiff Costco
  Brad Fraser
  brad.fraser@leitnerfirm.com

- Counsel for Plaintiff Golden Design
  Sean Martin
  swmartin@carrallison.com

- Counsel for Defendant Dorin Marin Pasca
  Matthew Grossman
  mgrossman@fmsllp.com

By: _____

Michael A. Durr