# IN THE CHANCERY COURT FOR SEVIER COUNTY, TENNESSEE

COSTCO WHOLESALE CORPORATION
and GOLDEN DESIGN, INC., doing business
as DYNAMIC SAUNAS,

      Petitioners,

vs.

DORIN MARIN ALIN PASCA and
STATE FARM FIRE AND CASUALTY CO.,

      Respondents.

Docket No. _____

## VERIFIED PETITION FOR TEMPORARY RESTRAINING ORDER

COME NOW the Petitioners, Costco Wholesale Corporation and Golden Design, Inc., d/b/a Dynamic Saunas, by and through their counsel of record, and file this Petition for a Temporary Restraining Order pursuant to Tenn. R. Civ. P. 65.03, and for relief, state the following to the Court:

### THE PARTIES

1. Petitioner Costco Wholesale Corporation (herein "Costco") is a Washington corporation with its primary place of business located in Issaquah, Washington. Upon information and belief, a product known as a Dynamic Bergamo Elite 4-Person Ultra Low EMF FAR Infared Sauna (the "Sauna") was purchased online by Respondent Dorin Marin Alin Pasca ("Mr. Pasca"). Further, upon information and belief, the Sauna was being utilized at a rental cabin owned by Mr. Pasca located at 726 Bethlehem Way, Sevierville, Sevier County, Tennessee (the "Rental Cabin").

Costco is represented in this matter by Attorney Brad A. Fraser and the law firm of Leitner, Williams, Dooley & Napolitan, PLLC.

2.      Petitioner Golden Design, Inc., d/b/a Dynamic Saunas (herein "Golden Design") is a California corporation with its primary place of business located in Ontario, California. Upon information and belief, Golden Design manufactured and/or distributed the Sauna which was being utilized at the Rental Cabin. Golden Design is represented in this matter by Attorney Sean W. Martin and the law firm of Carr Allison.

3.      Upon information and belief, Mr. Pasca is a resident of Washington, and may be served with process at 10324 184th Avenue, NE, Redmond, WA, 98052. Mr. Pasca is simply named as a Respondent in this action as a potential necessary party, as he is the owner of the Rental Cabin. Mr. Pasca is represented by Attorney Matthew Grossman and the law firm of Frantz, McConnell & Seymour.

4.      Upon information and belief, Respondent State Farm Fire and Casualty Company ("State Farm") is an Illinois corporation with a principal place of business in Illinois. State Farm is represented in this matter by Attorney Michael Durr and the firm of Quist, Fitzpatrick & Jarrard, PLLC. Attorney Durr asserts that State Farm issued a policy of insurance to Defendant Dorin, and further asserts that State Farm has a potential subrogation interest related to this policy and a fire loss that occurred at the Rental Cabin property on or about May 11, 2026.

## JURISDICTION AND VENUE

5.      This Court has subject matter and personal jurisdiction over this matter pursuant to Tenn. Code Ann. §§ 16-11-101, 16-11-102, and 16-11-115.

6.      Venue is proper in this Court pursuant to Tenn. Code Ann. §§ 16-11-114 and 20-4-101.

## FACTUAL BACKGROUND

7.  Upon information and belief, the Rental Cabin was constructed in 2025 by or on behalf of Mr. Pasca, and the Rental Cabin has been rented from time to time since then.

8.  Upon information and belief, a fire occurred on or about May 11, 2026 at the Rental Cabin that consumed nearly the entire structure. A Custom Fire Incident Report (herein "Report") is attached hereto as Exhibit A. The estimated property loss on the Report is $1,820,600, with an estimated contents loss of $250,000, rendering an estimated loss of over $2 Million.

9.  Upon information and belief, the Rental Cabin was rented on May 11, 2026, but, fortunately, all the renters had left the cabin at the time the fire was noticed.

10.  On or about May 19, 2026, eight (8) days after the fire, Attorney Michael Durr sent a letter to Golden Designs and Costco advising his firm was retained to protect the subrogation interest of State Farm (the "Letter"). The Letter asserted that "State Farm may ultimately determine that you are liable for the damage caused by the fire." The Letter set a "final joint inspection for 9:30 a.m. on Friday, May 29, 2026." A copy of the Letter, which shows a photo of fire damage and the alleged Sauna, is attached hereto as Exhibit B.

11.  Counsel for Costco and Golden Design objected to the short timeframe and inquired about additional parties that needed to be placed on notice, such as the persons or entities who delivered and/or installed the Sauna. A copy of the email chain for the multiple follow-up communications is attached as Exhibit C.

12.  Despite the short timeframe and Attorney Durr's refusal to consider lack of notice to additional parties and the calendars of all counsel, the parties and their respective experts made exceptional efforts to participate in this inspection on May 29, 2026. This inspection lasted for

several hours. Attorney Durr did not attend that date. A copy of the sign-in sheet from the inspection is attached as Exhibit D.

13. At the May 29 scene inspection, the parties' experts determined that additional systems and components needed to be examined which could not be accessed due to safety concerns. Attorney Durr emailed counsel for the parties advising "we will need a day 2, mostly to clear the opposite side of the wall we cleared today. Hope to have a date for that directly and to complete our work in the next ten days."

14. In response to this email, Attorney Fraser conferred with his experts, moved currently scheduled events to provide availability in "the next ten days", and identified both June 4 or June 5 as dates that would work for all.

15. Rather than acknowledging either of these dates, Attorney Durr simply emailed on June 2, "We will resume on the 16th at 9:00 a.m. See you then." Attorney Fraser responded that neither he nor his experts could be available on that date, and requested a discussion. Attorney Fraser followed up with an email to Attorney Durr that **both** he and Attorney Durr were already scheduled for a mediation in another case on June 16.

16. After no response from Attorney Durr for five (5) days, Attorney Fraser followed back up to request a written protocol and demanded mutually agreeable dates for additional destructive testing. Attorney Fraser again pointed out that the persons or entity who delivered and/or installed the Sauna ("Installer"), the builder of the Rental Cabin ("Builder"), and the electrical contractor ("EC") needed to be placed on notice to participate in any further destructive testing. Attorney Fraser further advised that his client had instructed him to file a Temporary Restraining Order if Attorney Durr could not provide reasonable alternatives.

17. After two (2) more days with no response by Durr, Attorney Fraser again followed up to inquire about mutually agreeable dates and notice to the Installer, Builder and EC.

18. Finally, on June 11, Attorney Durr responded that "we are coordinating several schedules on this end and can do no better than June 16th." He still does not respond to the inquiry about whether any of the other persons or entities (Installer, Builder, or EC) have been put on notice, and simply asserts that he has not seen a temporary restraining order succeed in this context.

19. To the extent that State Farm proceeds with the proposed June 16 destructive testing in the absence of all potentially implicated parties, the physical scene and evidence will be altered forever. Fire scenes are uniquely fragile. Once debris and evidence are moved and spoliated, the true origin and cause may be impossible for all parties to verify.

20. Despite Attorney Durr's assertions to the contrary in his email, there is no adequate remedy at law for Petitioners. While the non-noticed parties may have a remedy of a spoliation claim, the culpability of the destroying party here would not provide such a remedy to the Petitioners in this instance.

21. NFPA 921 (Guide for Fire and Explosion Investigations) explicitly states in Section 11.3.5.4 Notification to Interested Parties: "Claims of spoliation of evidence can be minimized when notice is given to all known interested parties that an investigation at the site of the incident is going to occur so as to allow all known interested parties the opportunity to retain experts and attend the investigation."

22. Counsel for all Respondents have been notified in writing that a Temporary Restraining Order will be sought if Respondents refuse to provide reasonable alternatives to the June 16 destructive event. Attorney Durr responded to same, as evidenced in Exhibit C.

23. These actions of State Farm and counsel acting on its behalf will cause irreparable harm to Petitioners for which they have no other remedy at law.

24. The harm to Petitioners if injunctive relief does not issue is greater than the harm to State Farm, if it does, and the public interest will not be affected by the grant of injunctive relief.

25. The Affidavit of Attorney Brad A. Fraser is attached as <u>Exhibit E</u> in support of this Petition in compliance with Tenn. R. of Civ. P. 65.03(1)(a).

## <u>LEGAL SUPPORT</u>

26. Tennessee Rule of Civil Procedure 65.03 provides that a temporary restraining order may be issued only if "specific facts… clearly show that immediate and irreparable injury, loss or damage will result" to the party seeking the order.

27. In <u>Schniepp v Marriott Int'l, Inc.</u>, a site inspection was set, and the defendant did not provide crucial information such as protocol, scene photos, and product identification to the movant prior to the inspection. <u>Schniepp v. Marriott Int'l, No. 19C2616, 2019 Tenn. Cir. LEXIS 641, *3 (12th Davidson Co. Ten. Cir. Ct. December 12, 2019)</u>. The movant argued that this "threatens to prejudice their ability to participate fully and meaningfully in the inspection". <u>Id</u>. The Court ordered the defendants were prohibited or temporarily restrained from proceeding with any testing or site inspections. <u>Id</u>.

28. Inspections are often scheduled collaboratively between counsels and their experts. This is even more evident given Petitioners and Respondents have already successfully conducted an inspection together.

29. After the prior inspection, Attorney Durr stated that he wanted to schedule the next exam within ten (10) days. Counsel for Costco, in following the expectation of a collaborative

process, sent Attorney Durr two (2) dates within that ten (10) day window that worked for both counsel and experts: June 4 and 5.

30. Despite counsel for Costco giving Attorney Durr two (2) dates, Attorney Durr scheduled the inspection for a date that was outside the ten (10) days that he originally proposed. Attorney Durr unilaterally selected the inspection date as June 16. In other words, after Costco agreed to meet the extremely tight schedule set by State Farm and offered two (2) days within the ten (10) day window, State Farm unilaterally moved the goalposts and, instead, picked an entirely different date outside the ten (10) day period.

31. Petitioners' counsel and their experts are not available on June 16. Further, both Attorney Durr and Attorney Fraser have a mediation scheduled for June 16. In addition, even though it is not optimal, Costco endeavored to arrange for alternative fire investigators from its investigator's office to cover on the 16th. However, they are also unavailable on the 16th.

32. Petitioners' counsel have attempted to mutually agree to a date with Attorney Durr, as evidenced by Exhibit C. However, Attorney Durr has refused to collaborate with counsel for all noticed parties and has unilaterally chosen the day to destroy evidence without allowing Petitioners and nonparties to have any input.

33. Any hardship that State Farm may face due to loss of money in a slight delay of reconstruction is strongly outweighed by the harm that Petitioners would face with the destruction of evidence, which is irreversible. In addition, any expenses incurred by State Farm is the foreseeable consequence of State Farm changing its original time frame for the inspection and unilaterally (and unnecessarily) picking a date when only it can do the site inspection. As such, it appears that State Farm's conduct of switching dates and picking its own dates was intended to

put it in a position to make it the sole arbiter of what evidence to collect and how to collect it. The Court should not countenance this conduct.

34. Similarly to the movants in Schniepp, Petitioners herein would be unable to participate fully and meaningfully in the inspection. The destruction of evidence adds to the importance of full participation in the inspection. Petitioners' counsel and experts cannot be in attendance at the inspection on June 16 as stated by Petitioner to State Farm through counsel repeatedly. This creates an irreparable harm for Petitioners.

35. Additionally, Petitioners' counsel have repeatedly asked Attorney Durr about crucial parties, including the Installer, Builder, and EC, whose identities are still unknown to Petitioners. See Exhibit C. This also inhibits Petitioners' ability to fully participate in an inspection when there are parties who are not only not joined, but are completely unknown, when examining and running tests on parts during any inspection.

## **PRAYER FOR RELIEF**

This is Petitioners' first request for injunctive relief in this matter. Petitioners pray this Court enter an order enjoining Mr. Pasca (the owner of the Rental Cabin), and/or State Farm (the insurer), to refrain from continuing to disturb the evidence and performing destructive testing at the Rental Cabin, and further enjoining same from proceeding with further disturbance or the setting of any additional inspections until all potentially interested parties are identified, placed on notice, and an agreed protocol and inspection date can be set.

Petitioners are prepared to post a bond or to give security in such amount as this Court deems proper for the payment of such costs and damages as may be incurred by Respondents if they are found to have been wrongfully enjoined.

**WHEREFORE**, Petitioners, for the reasons stated herein, respectfully request that this Court enter a Temporary Restraining Order pursuant to Rule 65 of the <u>Tennessee Rules of Civil Procedure</u>, enjoining and restraining Respondents from sampling, handling, removing, transporting, destroying or testing any of the remnants of the fire scene, and taking no steps to reset any dates for continued destructive testing for a period of fifteen (15) days form the entry of this Order.

*Respectfully submitted by:*

LEITNER, WILLIAMS, DOOLEY
     & NAPOLITAN, PLLC

CARR ALLISON

BY: _____

BY: _____

BRAD A. FRASER (BPR No. 020087)
900 South Gay Street
Suite 1800 – Riverview Tower
Knoxville, TN 37902
Phone: (865) 523-0404
Fax: (865) 673-0260
brad.fraser@leitnerfirm.com

SEAN W. MARTIN (BPR #020870)
633 Chestnut St., Ste. 2000
Chattanooga, TN 37450
Phone: (423) 648-9832
Fax: (423) 648-9869
swmartin@carrallison.com

<u>**VERIFICATION**</u>

        I have prepared and reviewed the foregoing Verified Petition and the facts stated therein are true and correct to the best of my knowledge, information and belief.

_____
BRAD A. FRASER

STATE OF TENNESSEE    )
                                )
COUNTY OF KNOX       )

        Before me, Holly Parris, a Notary Public for the County and State aforesaid, personally appeared, Brad A. Fraser, to me known to be the person described in and who executed the foregoing instrument, and acknowledged that he executed the same as his free act and deed.

        Sworn to and subscribed before me this the 12th day of June, 2026.



_____
Holly Parris, Notary Public

My Commission Expires:  04/10/2027

# COST BOND

I, Brad A. Fraser, as Principal and Leitner, Williams, Dooley & Napolitan, PLLC, as Surety, are held and firmly bound unto the Chancery Court Clerk of Sevier County, Tennessee for the payment of all costs awarded against the Principal. To that end, we bind ourselves, our heirs, executors and administrators.

The Principal is commencing legal proceeding in the Chancery Court of Sevier County, Tennessee. If the Principal shall pay all costs which are adjudged against them then this obligation is void. If the Principal fails to pay, then the Surety shall undertake to pay all costs adjudged against the Principal. Mandated at Tenn. Code Ann. §20-12-120, *et seq.*

_____
BRAD A. FRASER, Principal


LEITNER, WILLIAMS, DOOLEY
      & NAPOLITAN, PLLC

BY: _____
SURETY

Case 3:26-cv-00276   Document 1-2   Filed 06/15/26   Page 11 of 45   PageID #: 17

# EXHIBIT A
## CUSTOM FIRE INCIDENT REPORT



Sevier County Fire-Rescue 149 Industrial Park Drive Sevierville TN 37862
Phone: 865-774-3603 Email: scfr@seviercountytn.gov

# Custom Fire Incident Report

| Incident Number | Actual Incident Type Found | PSAP Call Date/Time |
|---|---|---|
| SCFR-26-0000564 | Fire - Structure Fire - Structural Involvement | 05/11/2026 14:33:57 |

**Officer in Charge**
Tucker, Josh, Deputy Chief-Fire Marshal, Chief

## Address Information

| **Incident Address** | **County** |
|---|---|
| 726 BETHLEHEM WAY, SEVIERVILLE, TN, 37876 | Sevier County |

## Dispatch Information

| **Alarm Date/Time** | 05/11/2026 14:33:57 | **Notification Type** | 911 Call |
|---|---|---|---|
| **Condition on dispatch** | Fire Showing | | |

## Incident Location Information

| **Property Loss** | $1,820,600 | **Contents Loss** | $250,000 |
|---|---|---|---|

## Apparatus

### Department Unit 1 of 11

| **Apparatus Name** | FMO1 | **Dispatch Date/Time** | 05/11/2026 14:36:06 |
|---|---|---|---|
| **En Route Date/Time** | 05/11/2026 14:39:38 | **Arrive Date/Time** | 05/11/2026 14:51:59 |

## Apparatus

### Department Unit 2 of 11

| **Apparatus Name** | SCFR Tanker 140 | **Dispatch Date/Time** | 05/11/2026 14:36:06 |
|---|---|---|---|
| **En Route Date/Time** | 05/11/2026 14:46:37 | **Arrive Date/Time** | -- |

## Apparatus

### Department Unit 3 of 11

| **Apparatus Name** | SCFR SUPPORT 122 | **Dispatch Date/Time** | 05/11/2026 14:36:06 |
|---|---|---|---|
| **En Route Date/Time** | 05/11/2026 16:51:36 | **Arrive Date/Time** | 05/11/2026 17:24:42 |

## Apparatus

### Department Unit 4 of 11

| | | | |
|---|---|---|---|
| **Apparatus Name** | DC Training | **Dispatch Date/Time** | 05/11/2026 14:36:06 |
| **En Route Date/Time** | 05/11/2026 14:38:17 | **Arrive Date/Time** | 05/11/2026 15:39:00 |

## Apparatus

### Department Unit 5 of 11

| | | | |
|---|---|---|---|
| **Apparatus Name** | SCFR DCFM | **Dispatch Date/Time** | 05/11/2026 14:36:06 |
| **En Route Date/Time** | 05/11/2026 14:54:15 | **Arrive Date/Time** | 05/11/2026 14:54:21 |

## Apparatus

### Department Unit 6 of 11

| | | | |
|---|---|---|---|
| **Apparatus Name** | SCFR Battalion 1 | **Dispatch Date/Time** | 05/11/2026 14:36:06 |
| **En Route Date/Time** | 05/11/2026 14:49:25 | **Arrive Date/Time** | 05/11/2026 14:49:30 |

## Apparatus

### Department Unit 7 of 11

| | | | |
|---|---|---|---|
| **Apparatus Name** | SCFR Engine 110 | **Dispatch Date/Time** | 05/11/2026 14:36:06 |
| **En Route Date/Time** | 05/11/2026 14:37:05 | **Arrive Date/Time** | 05/11/2026 14:50:35 |

## Apparatus

### Department Unit 8 of 11

| | | | |
|---|---|---|---|
| **Apparatus Name** | SCFR Engine 111 | **Dispatch Date/Time** | 05/11/2026 14:36:06 |
| **En Route Date/Time** | 05/11/2026 15:11:06 | **Arrive Date/Time** | 05/11/2026 15:23:06 |

## Apparatus

### Department Unit 9 of 11

| | | | |
|---|---|---|---|
| **Apparatus Name** | FMO6 | **Dispatch Date/Time** | 05/11/2026 14:36:06 |
| **En Route Date/Time** | 05/11/2026 14:56:21 | **Arrive Date/Time** | 05/11/2026 14:56:31 |

## Apparatus

### Department Unit 10 of 11

| | | | |
|---|---|---|---|
| **Apparatus Name** | SCFR Tanker 180 | **Dispatch Date/Time** | 05/11/2026 14:36:06 |
| **En Route Date/Time** | 05/11/2026 14:38:35 | **Arrive Date/Time** | 05/11/2026 15:00:46 |

## Apparatus

### Department Unit 11 of 11

| | | | |
|---|---|---|---|
| **Apparatus Name** | SCFR Wildland 110 | **Dispatch Date/Time** | 05/11/2026 14:36:06 |
| **En Route Date/Time** | 05/11/2026 15:11:23 | **Arrive Date/Time** | -- |

## Weather Information

| | | | |
|---|---|---|---|
| **Temperature** | 65.7 °F | **Wind Speed** | 2.2 mph |
| **Wind Direction** | Northeast | **Humidity** | 82% |
| **Weather Type** | Overcast, over 9/10 cloud cover | | |

## Fire Information

| | | | |
|---|---|---|---|
| **# of Buildings involved** | 1 | **Floor of Origin** | 1 |
| **Cause of Ignition** | Cause under investigation | **Heat Source** | Undetermined |
| **Fire Spread** | Beyond building of origin | **Item first Ignited** | Undetermined |
| **Type of Material** | Undetermined | **Equipment Involved in Ignition** | No |
| **Vehicle involved in Incident?** | No | | |

## Mobile Equipment On Scene

### Vehicle 1 of 1

| | | | |
|---|---|---|---|
| **Involved in Incident?** | Yes | **Vehicle Type** | Automobile, passenger car, ambulance, race car |
| **Make** | Toyota | **Model** | RAV 4 |
| **Year** | 2017 | **License Plate #** | BGV 6596 |
| **State** | New York | | |

## Actions Taken

### Department

| | |
|---|---|
| Suppression - Structural Fire Suppression - Outside the Building (Windows, Walls, Roof, etc.) | Salvage And Overhaul |

## Narratives

### Department Fire Incident Narrative

SCFR was dispatched to the given location for a Confirmed Structure Fire. While enroute central dispatch advised that the back porch was on fire and unknown if anyone was still inside. SCFR apparatus responded emergency traffic and POV's responded non-emergency to the scene. WCVFD and SVFD were dispatched in conjunction with SCFR. WCVFD Battalion 91 arrived on scene and reported a fully involved back porch and established command. Command requested PFFD for tanker and manpower. WCVFD Engine 91 arrived on scene shortly after Battalion 91 and stretched a 1.75" to the "A" side door. Upon arrival of SCFR Battalion 1, BC T. Perry donned all PPE and went to meet up with the WCVFD firefighter awaiting for additional manpower at the "A" side door. Upon arrival of SCFR Engine 110 a 5" supply line was stretched from the hydrant at Bethlehem Way and Sugarloaf Rd to the top of the hil, where Engine 110 supplied Engine 91. A 2.5" attack line was then stretched as well as an additional 1.75" attack line. Upon arrival of additional personnel, personnel assisted with fire suppression. SCFR DCFM (1102) arrived on scene and made contact with Battalion 91, Battalion 91 requested that 1102 take command, Battalion 91 transferred command via the radio. 1102 then advised 1104 that he was operations. 1102 advised Central Dispatch that the structure was now fully involved and it was approximately 4,800 square feet. There was a vehicle in the driveway and it was unknown if all occupants were out, however, due to fire conditions personnel were unable to enter the structure in an attempt to conduct a primary search. SCSO assisted with trying to locate the occupants. It was determined there were a total of 15 occupants staying at the property, however, only 8 occupants were accounted for. The other 7 occupants were believed to be in the National Park hiking, SCSO was working with GSMNP law enforcement to confirm. At approximately 15:05 the propane tank on the "C" side had vented and the 2.5" attack line with a ground monitor attached had to be directed towards the propane tank to ensure it was cooled appropriately. 1101 was assigned water supply and worked on the tanker shuttle as well as the hydrant operations. At approximately 15:06 command requested that the Sevier County Tanker Task Force be activated, it was advised for Central Dispatch to notify all incoming resources that water supply was operating on Fire Ops 6 and that the hydrant they would utilize to fill would be on Wye Drive in Seymour. Command requested that SCVRS respond to assist with Rehab for emergency personnel on the scene. At approximately 15:31 SCES personnel were on scene to ensure the power was turned off, the power had initially been turned off remotely. At approximately 16:16 all occupants were accounted for and contact had been made with them per SCSO. At approximately 16:34 Thompson Gas who owned the propane tank arrived on scene. Firefighting personnel on scene continued to work on extinguishing the fire and working with operations to ensure that all personnel were rotated in and out to go to rehab. Command made contact with Chief Carr of PFFD to request their Aerial Apparatus for the full extinguishment of the fire. Command advised PFFD Tanker 24 they could return and the same crew would bring the Aerial Device back to the scene. Upon the arrival of Tower 28 it was positioned and deployed at which time both master streams were working on additional hotspots. FMO-2 launched the drone to ensure a complete aerial view was given and that there were no additional hotspots. FMO-1 was working on the investigation during the incident and gathering witness statements from all parties involved. Upon completion of using the Tanker Shuttle with the exception of Tanker 180, Tanker 11, and Tanker 91 all other tankers were released. Fire personnel utilized Wildland 110 to pull the "D" side wall the rest of the way down, due to the safety concern of it collapsing further. Fire personnel then entered the structure to overhaul the hotspots that were accessible. Crews continued to flow water and extinguish all hotspots. Upon completion of extinguishment, all equipment was gathered and placed back on the appropriate apparatus. FMO-1 then backed up to the "A" side and discharged the CAFS on the piles of rubbish to ensure there were no remaining hotspot potentials. All units were released as they became available. No further assistance needed. Command terminated, all units were in service. Fire Line Tape was placed around the structure from the "C/D" corner to the tree line to prevent the driveway from being accessed. Thompson Gas did remain on scene to burn off the remainder of the propane and removed the tank upon completion of burning it off.

**Last update on 05/19/2026 at 16:37:18 by Josh Tucker**

**Narratives**

**SCFR Battalion 1**

Battalion 1 responded to the incident location for a confirmed structure fire. Upon my arrival I was assigned to assist in fire suppression. I assisted with exterior suppression operations throughout the incident. Guiding multiple crews and line placement. Assisted with interior overhaul operations removing tin, so the ladder streams could reach the debris. Upon extinguishment, assisted with demobilization.

**Last update on 05/17/2026 at 14:53:35 by Troy Perry**

**Narratives**

**SCFR Engine 111**

R-111 RESPONDED SECOND DUE TO THE STRUCTURE FIRE. UPON ARRIVAL ON-SCENE R-111 CREW ASSISTED WITH EXTINGUISHMENT OF THE STRUCTURE AND OVERHAUL. UPON COMPLETION OF OVERHAUL R-111 RETURNED IN-SERVICE.

**Last update on 05/17/2026 at 22:03:56 by Sean McCune**

**Acknowledgment**

**Declaration**
I declare under penalty of perjury under the laws of the State that the foregoing information is true and correct.

**Member Completing Report**
Tucker, Josh, Deputy Chief-Fire Marshal, Chief

**Date**
05/19/2026

**EXHIBIT B**
**LETTER**

**QUIST, FITZPATRICK & JARRARD** PLLC

**Michael A. Durr**
Licensed in TN, TX & NC
Direct: (865) 312-0440
mdurr@qfjlaw.com

**Tuesday, May 19, 2026**

Golden Designs, Inc.
d/b/a Dynamic Saunas
Ontario, California
info@goldendesignsinc.com
sales@goldendesignsinc.com

Costco Wholesale
999 Lake Drive
Issaquah, WA 98027
jsullivan@costco.com

**Re:** PascaD 42-0c1c-794 **|** May 11, 2026 fire in Sevierville, Tennessee

To Whom It May Concern:

State Farm Fire and Casualty Company has engaged this law firm to protect its subrogation interest arising from a fire that damaged the home of Dorin and Eugenia Pasca. The fire occurred on May 11, 2026. The home, seen here after the fire, is located at 726 Bethlehem Way in Sevierville, Tennessee.



Thankfully, no one was hurt, but the fire did cause considerable property damage. A preliminary investigation suggests the fire started at "Dynamic Bergamo Elite 4-person Ultra Low EMF FAR Infrared Sauna" purchased at Costco within the past year (see attached).

The area where the fire began is still available for inspection. But demolition and reconstruction efforts must begin shortly to minimize interruption to the Pascas. **Therefore, we have scheduled a final joint inspection for 9:30 a.m. (local time) on Friday, May 29, 2026**.

Following the site inspection on the 29th, demolition, cleanup, and repairs will begin. The inspection itself will be destructive. If you choose not to attend this inspection, you may lose the opportunity to inspect certain evidence.

State Farm may ultimately determine that you are liable for the damage caused by the fire. You should therefore send this letter to your liability carrier to preserve your rights with that carrier.

If you are aware of other parties who may have an interest in the damaged property or who might be liable for the fire or the damage it caused, we will rely on you to provide a notice like this to those parties.

Participants must bring their own photographic, measuring, and documentation equipment, along with necessary safety gear. We will permit video recording but prohibit any audio recording. If you request a specific inspection method or want confirmation that certain equipment will be available, please inform us in writing as soon as possible.

Inspections like this are difficult to arrange and can change quickly; plan your travel accordingly.

Finally, while State Farm may "stand in the shoes" of its insured(s) for its recovery rights, this serves as notice to you that they are not agents of State Farm and lack the authority to advance, negotiate, or release any claims, including subrogated claims that State Farm may have arising from this loss.

Please call if any of this is unclear. Thank you.

Sincerely,

QUIST, FITZPATRICK & JARRARD PLLC

By: Michael A. Durr

*Attachment*
cc:   Corey Cunningham



## EXHIBIT C
## EMAIL CHAIN

**From:** Sean Martin <swmartin@carrallison.com>
**Sent:** Thursday, May 28, 2026 1:53 PM
**To:** Michael A. Durr <mdurr@qfjlaw.com>; brad.fraser@leitnerfirm.com
**Cc:** Robert J. Elder <relder@carrallison.com>
**Subject:** State Farm a/s/o Dorin and Eugenia Pasca/Costco/Golden Designs Inc.

Mike/Brad

Good afternoon. As both of you know, I was just retained to represent Golden Designs. My expert and I will be at the inspection tomorrow at 9:30 am. @Michael A. Durr can you please forward me the video and photographs you referenced in our phone call yesterday.

Thank you.

**Sean W. Martin**
*Shareholder*



633 Chestnut Street | Suite 2000 | Chattanooga, TN 37450

| | |
|---|---|
| **Telephone** | (423) 648-9832 |
| **Direct** | (423) 648-9834 |
| **Facsimile** | (423) 648-9869 |

**website | bio | vCard | map | email**

Alabama • Florida • Georgia • Mississippi • Tennessee

**From:** mdurr@qfjlaw.com <mdurr@qfjlaw.com>
**Sent:** Thursday, May 28, 2026 2:02 PM
**To:** Sean Martin <swmartin@carrallison.com>; brad.fraser@leitnerfirm.com
**Cc:** Robert J. Elder <relder@carrallison.com>
**Subject:** 26.05.28 PascaD | 42-0c1c-794 | Scene Exam Tomorrow

Terrific. Photos and video attached.

---

Michael A. Durr || Quist, Fitzpatrick & Jarrard PLLC
800 South Gay Street, Suite 2121 || Knoxville, TN 37929
Direct: (865) 312-0440 || Email: mdurr@qfjlaw.com
Follow me on LinkedIn

**From:** Sean Martin <swmartin@carrallison.com>
**Sent:** Thursday, May 28, 2026 2:27 PM
**To:** mdurr@qfjlaw.com; brad.fraser@leitnerfirm.com
**Cc:** Robert J. Elder <relder@carrallison.com>
**Subject:** RE: 26.05.28 PascaD | 42-0c1c-794 | Scene Exam Tomorrow

Mike

Thanks for sharing. My expert would like to do a 3D scan of the scene. Would that be possible?

**Sean W. Martin**
*Shareholder*



633 Chestnut Street | Suite 2000 | Chattanooga, TN 37450

Telephone   (423) 648-9832
Direct          (423) 648-9834
Facsimile    (423) 648-9869

**website | bio | vCard | map | email**

Alabama • Florida • Georgia • Mississippi • Tennessee

**From:** mdurr@qfjlaw.com <mdurr@qfjlaw.com>
**Sent:** Thursday, May 28, 2026 2:59 PM
**To:** 'Sean Martin' <swmartin@carrallison.com>; brad.fraser@leitnerfirm.com
**Cc:** 'Robert J. Elder' <relder@carrallison.com>; Matthew A. Grossman <Mgrossman@fmsllp.com>
**Subject:** 26.05.28 PascaD | 42-0c1c-794 | Scene Exam Tomorrow

Don't see why not.

I'll arrive after lunch. Our insured has hired attorney Matthew Grossman, who may be present.

---

Michael A. Durr || Quist, Fitzpatrick & Jarrard PLLC
800 South Gay Street, Suite 2121 || Knoxville, TN 37929
Direct: (865) 312-0440 || Email: mdurr@qfjlaw.com
Follow me on LinkedIn

**From:** Matthew A. Grossman <Mgrossman@fmsllp.com>
**Sent:** Thursday, May 28, 2026 3:02 PM
**To:** mdurr@qfjlaw.com; Sean Martin <swmartin@carrallison.com>; brad.fraser@leitnerfirm.com
**Cc:** Robert J. Elder <relder@carrallison.com>
**Subject:** RE: 26.05.28 PascaD | 42-0c1c-794 | Scene Exam Tomorrow

What time are you starting tomorrow?

Generali had a cause and origin guy on scene this morning. I would like to get everything scheduled as quickly as possible so we can the scene returned to the owner.

Who all on this email represents who?

**From:** Sean Martin <swmartin@carrallison.com>
**Sent:** Thursday, May 28, 2026 3:05 PM
**To:** Matthew A. Grossman <Mgrossman@fmsllp.com>; mdurr@qfjlaw.com; Brad Fraser <brad.fraser@leitnerfirm.com>
**Cc:** Robert J. Elder <relder@carrallison.com>
**Subject:** RE: 26.05.28 PascaD | 42-0c1c-794 | Scene Exam Tomorrow

My expert and I are planning to be there tomorrow at 9:30 am per the letter. I represent Golden Design.

**Sean W. Martin**
*Shareholder*



633 Chestnut Street | Suite 2000 | Chattanooga, TN 37450

| | |
|---|---|
| Telephone | (423) 648-9832 |
| Direct | (423) 648-9834 |
| Facsimile | (423) 648-9869 |

**website | bio | vCard | map | email**

**Alabama • Florida • Georgia • Mississippi • Tennessee**

**From:** Brad Fraser <brad.fraser@leitnerfirm.com>
**Sent:** Thursday, May 28, 2026 3:27 PM
**To:** Sean Martin <swmartin@carrallison.com>; Matthew A. Grossman <Mgrossman@fmsllp.com>; mdurr@qfjlaw.com
**Cc:** Robert J. Elder <relder@carrallison.com>
**Subject:** RE: 26.05.28 PascaD | 42-0c1c-794 | Scene Exam Tomorrow

I will be there at 9:30. I represent Costco. My expert is flying in from an inspection in California to Atlanta and will be driving up. It will be very tight. In the event that he is not here at 9:30, I would appreciate it if we could let him listen to the preliminary presentation of evidence on the phone, if necessary.

See you tomorrow.

**Brad Fraser**
*Attorney at Law | Equity Member*
vCard|*Bio*|Website|

Licensed in Tennessee and Kentucky
Rule 31 Listed Mediator | Rule 31 Listed Family Mediator

(865) 342-4904 Direct Phone | (865) 523-0404 Main |
(865) 673-0260 Fax
900 S. Gay Street, Riverview Tower Suite 1800 | Knoxville, TN 37902

**From:** mdurr@qfjlaw.com <mdurr@qfjlaw.com>
**Sent:** Thursday, May 28, 2026 6:50 PM
**To:** Brad Fraser <brad.fraser@leitnerfirm.com>; 'Sean Martin' <swmartin@carrallison.com>; 'Matthew A. Grossman' <Mgrossman@fmsllp.com>
**Cc:** 'Robert J. Elder' <relder@carrallison.com>
**Subject:** 26.05.28 PascaD | 42-0c1c-794 | Scene Exam Tomorrow

<span style="color:red">***RECEIVED FROM EXTERNAL SENDER – USE CAUTION***</span>

All:

NEFCO's Shane Canton will also be present tomorrow. He is an investigator retained by Generali Global Insurance, which provided AirBNB insurance.

_____

Michael A. Durr || Quist, Fitzpatrick & Jarrard PLLC
800 South Gay Street, Suite 2121 || Knoxville, TN 37929
Direct: (865) 312-0440 || Email: mdurr@qfjlaw.com
Follow me on LinkedIn

**From:** Matthew A. Grossman <Mgrossman@fmsllp.com>
**Sent:** Friday, May 29, 2026 2:24 PM
**To:** mdurr@qfjlaw.com
**Cc:** Brad Fraser <brad.fraser@leitnerfirm.com>; Sean Martin <swmartin@carrallison.com>; Robert J. Elder <relder@carrallison.com>
**Subject:** Re: 26.05.28 PascaD | 42-0c1c-794 | Scene Exam Tomorrow

Mike:

What is your status?

Matt

Sent from my iPhone

**From:** mdurr@qfjlaw.com <mdurr@qfjlaw.com>
**Sent:** Friday, May 29, 2026 8:56 PM
**To:** 'Matthew A. Grossman' <Mgrossman@fmsllp.com>
**Cc:** Brad Fraser <brad.fraser@leitnerfirm.com>; 'Sean Martin' <swmartin@carrallison.com>; 'Robert J. Elder' <relder@carrallison.com>
**Subject:** 26.05.29 PascaD | 42-0c1c-794 | Continued Scene Work

Gents,

I will forward the sign-in sheet and our expert's notes from today, and whatever Sevier County provides in response to the attached records request. We will need a day 2, mostly to clear the opposite side of the wall we cleared today. Hope to have a date for that directly and to complete our work in the next ten days.

Have a good weekend.

_____

Michael A. Durr || Quist, Fitzpatrick & Jarrard PLLC
800 South Gay Street, Suite 2121 || Knoxville, TN 37929
Direct: (865) 312-0440 || Email: mdurr@qfjlaw.com
Follow me on LinkedIn

**From:** Brad Fraser <brad.fraser@leitnerfirm.com>
**Sent:** Sunday, May 31, 2026 8:01 PM
**To:** mdurr@qfjlaw.com; 'Matthew A. Grossman' <Mgrossman@fmsllp.com>
**Cc:** 'Sean Martin' <swmartin@carrallison.com>; 'Robert J. Elder' <relder@carrallison.com>
**Subject:** RE: 26.05.29 PascaD | 42-0c1c-794 | Continued Scene Work

The only dates our expert has in that range are **June 4 and 5**. Can we set it for one of those dates?


**Brad Fraser**
*Attorney at Law | Equity Member*
vCard|*Bio*|Website|

Licensed in Tennessee and Kentucky
Rule 31 Listed Mediator | Rule 31 Listed Family Mediator

(865) 342-4904 Direct Phone | (865) 523-0404 Main |
(865) 673-0260 Fax
900 S. Gay Street, Riverview Tower Suite 1800 | Knoxville, TN 37902



**From:** mdurr@qfjlaw.com <mdurr@qfjlaw.com>
**Sent:** Monday, June 1, 2026 5:00 PM
**To:** Brad Fraser <brad.fraser@leitnerfirm.com>; 'Matthew A. Grossman' <Mgrossman@fmsllp.com>
**Cc:** 'Sean Martin' <swmartin@carrallison.com>; 'Robert J. Elder' <relder@carrallison.com>
**Subject:** 26.06.01 PascaD | 42-0c1c-794 | Continued Scene Work

We will resume on the 16th at 9:00 a.m. See you then.

---

Michael A. Durr || Quist, Fitzpatrick & Jarrard PLLC
800 South Gay Street, Suite 2121 || Knoxville, TN 37929
Direct: (865) 312-0440 || Email: mdurr@qfjlaw.com
Follow me on LinkedIn

**From:** Brad Fraser
**Sent:** Monday, June 1, 2026 6:20 PM
**To:** mdurr@qfjlaw.com
**Subject:** RE: 26.06.01 PascaD | 42-0c1c-794 | Continued Scene Work

Mike: We just set mediation for the sprinkler case on this date. I moved a Motion hearing in Kentucky for the last inspection. I cleared off June 4 and 5 to accommodate dates for my experts based on your representation it would be within 10 days.

My client wants me to be present and I obviously need my experts to be present. You cannot arbitrarily pick these dates with no regard for the parties.

**Brad Fraser**
*Attorney at Law | Equity Member*
vCard|*Bio*|Website|

Licensed in Tennessee and Kentucky
Rule 31 Listed Mediator | Rule 31 Listed Family Mediator

(865) 342-4904 Direct Phone | (865) 523-0404 Main |
(865) 673-0260 Fax
900 S. Gay Street, Riverview Tower Suite 1800 | Knoxville, TN 37902



**From:** Brad Fraser
**Sent:** Sunday, June 7, 2026 9:02 PM
**To:** mdurr@qfjlaw.com
**Cc:** Sean Martin <swmartin@carrallison.com>; Matthew A. Grossman (Mgrossman@fmsllp.com) <Mgrossman@fmsllp.com>
**Subject:** RE: 26.06.01 PascaD | 42-0c1c-794 | Continued Scene Work
**Importance:** High

Mike: Following up.

1. I had previously requested if there was any protocol for the prior inspection. This additional inspection will need equipment on scene. Given there is additional time and scope, we need to know what the protocol will be for this inspection.

2. Perhaps my prior email was not clear. We are demanding mutually agreeable dates for this follow up inspection. You first said it would be within 10 days, and we gave you agreeable dates. You responded with an arbitrary date of 6/16, a date that you KNOW has a conflict for both of us in another case. More critically, my experts cannot attend that date. I believe Mr. Martin has similar issues.

3. Given the fact that the home's electrical systems could be a potential source of the fire, it is incumbent to put the builder and the electrical contractor on notice. I refuse for my client to be prejudiced by your knowing failure to provide notice to these entities.

4. If you refuse to provide mutually agreeable alternatives, I have instructions to move for a TRO. Let's slow down and do this correctly.

**Brad Fraser**
*Attorney at Law | Equity Member*
vCard|*Bio*|Website|

Licensed in Tennessee and Kentucky
**Rule 31 Listed Mediator | Rule 31 Listed Family Mediator**

(865) 342-4904 Direct Phone | (865) 523-0404 Main |
(865) 673-0260 Fax
900 S. Gay Street, Riverview Tower Suite 1800 | Knoxville, TN 37902



**From:** Brad Fraser <brad.fraser@leitnerfirm.com>
**Sent:** Tuesday, June 9, 2026 8:56 PM
**To:** mdurr@qfjlaw.com
**Cc:** Sean Martin <swmartin@carrallison.com>; Matthew A. Grossman (Mgrossman@fmsllp.com) <Mgrossman@fmsllp.com>; Brad Fraser <brad.fraser@leitnerfirm.com>
**Subject:** RE: 26.06.01 PascaD | 42-0c1c-794 | Continued Scene Work

Mike: Can you please respond and advise:

1. If we can reset this to an agreeable date?

2. If the builder and electrical contractor have been notified?

**Brad Fraser**
*Attorney at Law | Equity Member*
vCard|*Bio*|Website|

Licensed in Tennessee and Kentucky
Rule 31 Listed Mediator | Rule 31 Listed Family Mediator

(865) 342-4904 Direct Phone | (865) 523-0404 Main |
(865) 673-0260 Fax
900 S. Gay Street, Riverview Tower Suite 1800 | Knoxville, TN 37902



**From:** mdurr@qfjlaw.com <mdurr@qfjlaw.com>
**Sent:** Thursday, June 11, 2026 3:00 PM
**To:** Brad Fraser <brad.fraser@leitnerfirm.com>
**Cc:** 'Sean Martin' <swmartin@carrallison.com>; 'Matthew A. Grossman' <Mgrossman@fmsllp.com>
**Subject:** 26.06.11 PascaD | 42-0c1c-794 | Continued Scene Work

**\*\*\*RECEIVED FROM EXTERNAL SENDER – USE CAUTION\*\*\***

Brad:

We are coordinating several schedules on this end and can do no better than the 16th at 9:00 a.m. Fifteen days' notice for a scene exam is reasonable, given the exposed evidence, the high cost of delay, and, in this case, the need for heavy equipment to access what remains. It is not uncommon to retain multiple experts to meet the scheduling demands of this type of investigation. I've had to do that, and you may have to do so here.

Since you and I have already seen the scene, seeing it again on the 16th adds little. That's why I'm not planning to attend again. Our mediation that day in the other matter is virtual, and your fine associate, Mr. Foster, is well positioned to assist there as well.

We had no written protocol for the first day of the exam, and it worked fine; day two should be easier. Since your client will make no affirmative claims arising from the fire, it's unclear how the absence of any other party at an evidence exam could prejudice your client.

I have not seen a TRO succeed in this context because proving any of the required elements (much less all of them) is difficult. There is a well-developed legal framework for remedying prejudice caused by the loss or destruction of evidence. The availability of this framework to your client in a lawsuit on the merits makes any harm here reparable as a matter of law.

I have attached the sign-in sheet from day one. I have not yet received anything from the authorities in response to my public records request, but I will share it when it arrives.

Michael A. Durr || Quist, Fitzpatrick & Jarrard PLLC
800 South Gay Street, Suite 2121 || Knoxville, TN 37929
Direct: (865) 312-0440 || Email: mdurr@qfjlaw.com
Follow me on LinkedIn

# EXHIBIT D
## SIGN-IN SHEET



Date of Inspection: May 29     CIS File No: 2632515

Location: 726 Bethlehem Way

**PLEASE PRINT**

| Attach business card or complete the following. Complete the Additional Information in the space to the right. | Your Insured: |
|---|---|
| | Insurance Company: |

Name: Matthew Goodman
Company: Frantz McConnell & Seymore LLP
Your Address: 550 W Main St Ste 500
City: Knoxville     State: TN
Zip: 37902     Email: mgoodman@fmsllp.com
Phone: (   )   -
Mobile: (   )   -  865-760-9123

---

| Attach business card or complete the following. Complete the Additional Information in the space to the right. | Your Insured: |
|---|---|
| | Insurance Company: |

Name: DORIN MARIN ALIN PASCA
Company: owner
Your Address: 10334 184th AVE NE
City: REDMOND     State: WA     Zip: 98052
Email: alinp444@yahoo.com
Phone: (   )   -
Mobile: (425) 647 7333

---

| Attach business card or complete the following. Complete the Additional Information in the space to the right. | Your Insured: |
|---|---|
| | Insurance Company: |

Name: Gabriel & Simona Hecman
Company: Sunny Broward Ventures LLC
Your: we help manage the cabin.
Address: 210 NW 197 Ave #
City: Pembroke Pines   State: Fl.     Zip: 33029
Email: sghecman@gmail.com
Phone: (   )   -
Mobile: (954)   -682-9022

---

| | Your Insured: |
|---|---|
| | Insurance Company: |

OFFICE: 770.978.1251
MOBILE: 770.653.4876
corey@cunninghamfire.com

**Corey Cunningham, IAAI-CFI**
Fire Investigative Consultant

P.O. Box 1279
Snellville, GA 30078



:

**Date of Inspection:** _MAy 29_     **CIS File No:** _2632515_

**Location:** _726 Bethlehem Way_
**PLEASE PRINT**

| | ...te the | Your Insured: |
| | | Insurance Company: |

**CUNNINGHAM**
**INVESTIGATIVE**
**ASSOCIATES**

OFFICE: 770.978.1251
FAX: 770.978.8782
MOBILE: 770.329.2659
ryley@cunninghamfire.com

**Ryley Cunningham**
Technician

P.O. Box 1279
Snellville, GA 30078

| | g. Complete the | Your Insured: |
| | ...t. | Insurance Company: |

**Technical Investigations**
Scientific Analysis and Testing

**Jerry E. Cline**

PO Box 2044
Kennesaw, Ga. 30156

Office: 404-965-4116
Cell: 404-226-2270
jecline@mindspring.com
Fax: 404-965-4123

| | ...mplete the | Your Insured: |
| | | Insurance Company: |

**Gregory E. Gorbett,** PhD, IAAI-CFI, CFEI, CFPS
MANAGING DIRECTOR | FIRE & EXPLOSION ANALYST

+1 859 353 2945
ggorbett@secretariat-intl.com

| | ...mplete the | Your Insured: |
| | | Insurance Company: |

**Frank Reynolds, MS-FEI, CFEI, CVFI,**
**IAAI-FIT®**

**Fire Investigator**

3139 Westinghouse Boulevard
Charlotte, NC 28273

Office (866) 547-3262
Mobile (980) 214-2099
freynolds@SEAlimited.com

**S·E·A™**
SEAlimited.com



CUNNINGHAM INVESTIGATIVE ASSOCIATES
P.O. BOX 1279
SNELLVILLE, GA 30078
PHONE 770-978-1251

Date of Inspection: _May 29_   CIS File No: _2632515_

Location: _726 Bethlehem Way_   **PLEASE PRINT**

| | Your Insured: |
|---|---|
| e the | Insurance Company: |

**SEVIER COUNTY FIRE MARSHAL'S OFFICE**

**SEVIER COUNTY**
TENNESSEE

**Brooks Wilson**
*Fire Inspector*
Mobile: 865.839.0441
bwilson@seviercountytn.gov

149 Industrial Park Drive
Station #1
Sevierville, Tennessee 37862
Office: 865.774.3603
Fax: 865.366.1378

| | Your Insured: |
|---|---|
| nplete the | Insurance Company: |

**CARR ALLISON**

Sean W. Martin
Attorney
swmartin@carrallison.com

633 Chestnut Street          Office: 423.648.9834
Suite 2000                        Fax: 423.648.9869
Chattanooga, TN 37450   www.carrallison.com

| | Your Insured: |
|---|---|
| omplete the | Insurance Company: |

**LEITNER WILLIAMS PLLC DOOLEY NAPOLITAN**

**Brad Fraser**
Attorney at Law / Member
Licensed in Tennessee and Kentucky
Rule 31 Listed Mediator & Rule 31 Listed Family Mediator

900 South Gay Street
Riverview Tower, Suite 1800 • Knoxville, TN 37902
*direct phone* 865.342.4904 • *fax* 865.673.0260
brad.fraser@leitnerfirm.com • www.leitnerfirm.com

| Attach business card or complete the following. Complete the Additional Information in the space to the right. | Your Insured: |
|---|---|
| | Insurance Company: |
| Name:_____ | |
| Company:_____ | |
| Your | |
| Address:_____ | |
| City:_____ State:_____ Zip:_____ | |
| Email:_____ | |
| Phone: (    )    - | |
| Mobile: (    )    - | |

**EXHIBIT E**
**AFFIDAVIT**

## IN THE CHANCERY COURT FOR SEVIER COUNTY, TENNESSEE

COSTCO WHOLESALE CORPORATION )
and GOLDEN DESIGN, INC., doing business )
as DYNAMIC SAUNAS, )
                                )
      Petitioners, )
                                )    Docket No. _____
vs. )
                                )
DORIN MARIN ALIN PASCA and )
STATE FARM FIRE AND CASUALTY CO., )
                                )
      Respondents.

## AFFIDAVIT OF COUNSEL PURSUANT TO
## TENNESSEE RULE OF CIVIL PROCEDURE 65.03(1)

STATE OF TENNESSEE    )
                        )
COUNTY OF KNOX       )

Personally appeared the undersigned, Brad A. Fraser who, after being first duly sworn, deposes and states as follows:

1.      My name is Brad A. Fraser, and I am counsel for Costco Wholesale Corporation in this matter. I am over the age of eighteen (18), and I make this Affidavit of my own personal knowledge.

2.      I have provided notice to Respondents via email of our intent to apply for an Ex Parte Temporary Restraining Order on Monday, June 15, 2026. Counsel for Respondent State Farm Fire and Casualty Company indicated on the telephone that he intends to be present for same.

3.      The allegations contained in the Verified Petition for Temporary Restraining Order are true and accurate as reflected in the Petition and Exhibits attached thereto, to the best of my knowledge.

Further this Affiant saith not.

_____
BRAD A. FRASER (BPR No. 020087)
LEITNER, WILLIAMS, DOOLEY & NAPOLITAN, PLLC
900 South Gay Street
Suite 1800 – Riverview Tower
Knoxville, TN 37902
Phone: (865) 523-0404
Fax: (865) 673-0260
brad.fraser@leitnerfirm.com
*Counsel for Petitioner Costco Wholesale*
*Corporation*

Sworn to and subscribed before me this the 12th day of June, 2026.



_____
Holly Parris, Notary Public

My Commission Expires: 04/10/2027